UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL ORSELLO,

    Plaintiff,

v.

FEDERAL GOVERNMENT,

    Defendant.

Civil No. 06-1125 (JNE/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief can be granted, or seeks relief against a party who is immune from being sued.  28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA").  It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact").  Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

In this case, Plaintiff's complaint is almost completely incomprehensible. As far as the Court can tell, Plaintiff is unhappy about the outcome of several Minnesota state court proceedings in which he has been involved during the past several years. He apparently is seeking an order that would compel "the Federal Government" to provide him with legal counsel to help him overturn some or all of the state court decisions mentioned in his complaint.

Even with the liberal construction that is required in pro se cases (Atkinson, 91 F.3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's complaint clearly fails to state any claim on which relief can be granted. There are at least three fatal flaws in Plaintiff's pleading.

First, Plaintiff has not adequately described the factual or legal grounds for his lawsuit. His complaint is merely a rambling collection of half sentences, which fail to explain why he believes he is legally entitled to a judgment against the Defendant. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added). Here, Plaintiff has not pleaded a set of factual allegations that would support any cognizable legal claim against the named Defendant. Therefore, his complaint fails to state a cause of action on which relief can be granted.

Furthermore, if Plaintiff is claiming that he has a federal constitutional right to be represented by court-appointed counsel in a state civil action, (which is the Court's best guess at what he is trying to claim), then his action is unsustainable, as a matter of law, because there simply is no constitutional right to be represented by counsel, at public expense, in a civil action. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

Finally, the Court notes that the named Defendant in this case, "the Federal Government," is immune from suit under the doctrine of sovereign immunity. Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991). See also Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), ("[t]he United States and its agencies are not proper defendants because of sovereign immunity"), cert. denied, 459 U.S. 1210 (1983). Under the doctrine of sovereign immunity, the United States and its agencies can be sued only if, and to the extent that, the protections of sovereign immunity have been formally waived. Manypenny, 948 F.2d at 1063. Moreover, any such waiver of immunity must be "expressed unequivocally" by Congress. Id.

Plaintiff has not alleged that the Federal Government has waived its immunity from whatever claims he may be attempting to assert in this action, nor has he identified any applicable congressional authorization for a suit such as this one. Plaintiff's present action is therefore barred by the doctrine of sovereign immunity.

Thus, the Court concludes that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (because the complaint does not state any claim on which relief can be granted), and also pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), (because the only named Defendant is immune from suit). Because Plaintiff has not pleaded an actionable claim, his IFP application must be denied.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).


Dated: March 27, 2006

                                          s/ Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 11, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.